# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1780V

```
* * * * * * * * * * * * * * * * * * * * * * * *
BAILEY THOMAS,                        *
on behalf of A.B.,                    *          Filed: May 6, 2026
              Petitioner,             *
                                      *
        v.                            *
                                      *
SECRETARY OF HEALTH AND               *
HUMAN SERVICES,                       *
                                      *
              Respondent.             *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Mark T. Sadaka*, Law Offices of Sadaka Associates, Englewood, NJ, for Petitioner.

*Ryan Nelson*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART MOTION FOR INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 31, 2021, Bailey Thomas, on behalf of A.B., a minor, filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"). [2] See Petition (ECF No. 1) ("Pet.") at 1. Petitioner alleges that Proquad (the measles-mumps-rubella-varicella), and/or the Kinrix (diphtheria, tetanus, acellular pertussis, inactivated poliovirus) vaccines administered to A.B. on November 14, 2019, caused-in-fact her ocular myasthenia gravis. Petitioner's Brief, dated Aug. 22, 2025, (ECF No. 41), at 1. A two-day Entitlement Hearing was held in Washington, D.C., in November 2025, and the matter is still pending resolution.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Prior to the hearing, Petitioner filed a motion for an interim award of attorney's fees and costs. Motion, dated July 30, 2025 (ECF No. 37) ("Interim Fees Mot."). I deferred ruling on Petitioner's motion until after hearing. Petitioner has since supplemented the motion to include additional fees and costs incurred through trial and thereafter. *See* Second Motion for Interim Attorneys' Fees and Costs, dated Mar. 25, 2026 (ECF No. 53) ("Supp. Interim Fees Mot."). Petitioner requests, in total, $110,429.35,[3] reflecting $88,512.30 in attorney's fees and $21,917.05 in costs. ECF No. 37-1 at 1–25; ECF No. 53-1 at 1–9.

Respondent filed responses in reaction to both of Petitioner's interim fee requests. Response to Motion for Interim Attorney's Fees and Costs, dated Aug. 12, 2025 (ECF No. 39); Response to Supplemental Motion for Interim Attorney's Fees and Costs, dated Apr. 6, 2026 (ECF No. 54). Respondent defers to my discretion and judgement in the amount of fees to be awarded. *See* ECF No. 39 at 2; ECF No. 54 at 2. Petitioner filed a reply to each response in support of her requested fees and costs. Reply, dated Aug. 12, 2025 (ECF No. 39); Reply, dated Apr. 10, 2026 (ECF No. 55).

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$109,600.89**.

## ANALYSIS

### I.     Requests for Interim Attorney's Fees and Costs

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis. *Auch v. Sec'y of Health & Hum. Servs.*, No. 12-673V, 2016 WL 3944701, at \*6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Hum. Servs.,* No. 13-956V, 2015 WL 6181669, at \*5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs incurred to that point in time, but prior to the case's full resolution, may be awarded. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at \*8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). But because no entitlement determination has been (usually) made at the time an interim award is sought, the party requesting such an award must meet the reasonable basis standard applicable to literally "unsuccessful" cases. *Avera*, 515 F.3d at 1352.

---

[3] Petitioner claims that she requests a total of $110,419.35 between the two motions. Supp. Interim Fees Mot. at 1. However, looking at the submitted itemized receipts, Petitioner's total request amounts to the slightly higher sum of $110,429.35. Petitioner requests $39,542.20 in fees and $20,427.10 in costs in the original interim fees motion, and $48,970.10 in fees and $1,489.95 in costs in her supplemental motion. ECF No. 37-1 at 1, 25; ECF No. 53-1 at 1, 9. The sum of these values is $110,429.35, and that amount shall be applied.

While there is no presumption of entitlement to interim fees and costs awards (rendered in advance of a case's final determination), special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) if the amount of fees requested exceeds $30,00.00; 2) where expert costs are requested, if the aggregate amount is more than $15,00.00; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Hum. Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). In addition, the withdrawal or substitution of counsel is often deemed reasonable grounds in and of itself for an interim award (except where the special master has foundational concerns about the claim's reasonable basis). *See e.g., Woods v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 148, 154 (2012).

For fee requests generally, counsel must submit contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." *Id*. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

I find an interim award is appropriate in this case. The claim itself appears (from trial) to have objective evidentiary basis, and there is evidence that the Petitioner experienced neurological symptoms after vaccination. Respondent also seems to agree the claim possesses reasonable basis. *See* ECF No. 39 at 2; ECF No. 54 at 2. In addition, it is appropriate to award fees to litigants after

3

trial, given the costs and efforts involved, and the sum that has been incurred to date is significant. Accordingly, I will permit an interim award in this matter.

## II.     Calculation of Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of a fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely*, 461 U.S. at 429–37.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for Mr. Sadaka and his paralegals, based on the years work was performed:

|  | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|---|---|
| **Mark Sadaka (Attorney)** | $422.00 | $444.00 | $458.00 | $482.00 | $532.00 | $562/$627.00[4] | $625.00 |
| **Michele Curry (Paralegal)** | $163.00 | $172.00 | $177.00 | $186.00 | $197.00 | $212.00 | N/A |
| **Samantha Nunjar (Paralegal )** | N/A | N/A | N/A | N/A | N/A | $212.00 | $229.00 |

Interim Fees Mot. at 5; Supp. Interim Fees Mot. at 2.

---

[4] Mr. Sadaka originally requested this hourly rate in his first motion for interim fees. Not long after, however, Mr. Sadaka was awarded in a different case a reduced 2025 hourly rate of $562.00. *Tirone v. Sec'y of Health & Hum. Servs.*, No. 18-869V, 2025 WL 2659088, at *2 (Fed. Cl. Spec. Mstr. Aug. 21, 2025). Mr. Sadaka thereafter requested the lower rate of $562.00 for the remainder of his work for 2025 in his supplemental motion. *See* ECF No. 53-1.

Mr. Sadaka practices in Englewood, NJ—a jurisdiction that has been deemed "in forum." Accordingly, he is entitled to the rates established in *McCulloch*. *See Jaffri v. Sec'y of Health & Hum. Servs.*, No. 13-484V, 2016 WL 7319407, at *5–6 (Fed. Cl. Spec. Mstr. Sept. 30, 2016). I find the time devoted to the matter reasonable, but the rates requested merit some slight adjustment. The two interim fees motions request different rates for Mr. Sadaka's 2025 work—$627.00 per hour in his first motion, but $562.00 in the second. *Compare* Interim Fees Mot. at 5, *with* Supp. Interim Fees Mot. at 2. In addition, Mr. Sadaka was previously awarded in a different case $562.00 per hour for work performed in 2025, with $627.00 deemed outside the range for attorneys with 20-30 years of experience. *Tirone v. Sec'y of Health & Hum. Servs.*, No. 18-869V, 2025 WL 2659088, at *2 (Fed. Cl. Spec. Mstr. Aug. 21, 2025). In keeping with the prior decision, I find that $562.00 is a more appropriate hourly rate for 2025 work. This results in a reduction of **$247.00**.[5]

Petitioner is also requesting that Mr. Sadaka's 2026 hourly rate (which has yet to be formally addressed) be set at $625.00. This reflects a higher increase than what he received for changes between previous years. I also note that while Mr. Sadaka does have significant vaccine experience, he only has 22 years' experience—in the lower range of the 20–30 year experience tier, although he asks herein for a rate at the top of that range.[6] I thus find it appropriate to lower his 2026 hourly rate to $590.00, which still affords him an increase from his 2025 rate, and better reflects his overall Program experience. This results in a reduction of **$441.00**.[7]

## III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $21,917.05 in outstanding costs. ECF No. 37-1 at 25; ECF No. 37-2 at 1–19; ECF No. 53-1 at 8–9; ECF No. 53-2 at 1–7. These costs include, but are not limited to, the filing fee, medical record retrieval costs, mailing costs, travel expenses, litigation costs, and costs

---

[5] Calculated by: ($627.00 – $562.00) x (3.8 hours billed at $627.00 in 2025) = $247.00

[6] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last visited May 6, 2026).

[7] Calculated by: ($625.00 – $590.00) x (12.6 hours billed at $625.00 in 2026) = $441.00

associated with two experts: Dr. Yuval Shafrir and Dr. Dariush Orandi. I discuss all costs reductions below.

### A.   *Petitioner's General Litigation and Trial Costs*

Documentation was provided for the Court's filing fee, medical records requests, copying expenses, and some mailing expenses. I find the documented costs reasonable and shall award them in full. There are some missing receipts for claimed costs, including an October 15, 2020, mailing charge of 50¢, but this is a de minimis amount and I will therefore award it.

Petitioner's counsel also requested reimbursement for certain overhead expenses, such as costs for medical journals, and an "administrative fee" for shipping fees for client settlements and expert payments incurred after court submission. ECF No. 37-2 at 16; ECF No. 53-2 at 7. These are non-compensable, overhead expenses. Costs associated with purchasing journals is not compensable. *Rodriguez v. Sec'y of Health & Hum. Servs.*, No. 06-559V, 2009 WL 2568468, at *23 (Fed. Cl. July 27, 2009) (finding that a National Law Journal Subscription was an overhead expense and not compensable). And charging an administrative fee for future shipping costs goes against the principle that Petitioner's must substantiate the cost of an item by providing appropriate documentation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Like other mailing and shipping costs, Petitioner's must substantiate those costs by submitting receipts. *See, e.g., Kuypers v. Sec'y of Health & Hum. Servs.,* No. 18-0351V, 2021 WL 965673, at *2 (Fed. Cl. Spec. Mstr. Feb. 12, 2021). Petitioner may submit receipts for shipping and mailing costs in her final fees motion. Until then, I deny the costs of the medical journal and administrative fee, which results in a reduction of **$140.46**.[8]

### B.   *Petitioner's Expert Costs*

#### 1.   Costs for Dr. Yuval Shafrir

Dr. Shafrir, is a pediatric neurologist and experienced medical provider who regularly testifies in the Program. He filed one report on behalf of the Petitioner, and testified, remotely, at Petitioner's hearing. Report, dated Aug. 30, 2023, filed as Ex. 6 (ECF No. 23-1). For his work , Dr. Shafrir charged Petitioner $11,812.50 at a rate of $450 per hour for 26.25 hours of work. ECF No. 37-2 at 14. Dr. Shafrir has been awarded this hourly rate in the past and I find no reason to reduce it herein. *Paul v. Sec'y of Health & Hum. Servs.*, No. 19-1221V, 2023 WL 1956423, at *4 (Fed. Cl. Spec. Mstr. Feb. 13, 2023). Similarly, I find the number of hours devoted to the matter reasonable.

---

[8] Calculated by: $100.00 Administrative Fee + $40.46 Science Direct Article Cost = $140.46.

2.    Costs for Dr. Dariush Orandi

Dr. Orandi is an experienced immunologist who filed one report in this case on behalf of the Petitioner. Report, dated Sep. 19, 2024, filed as Ex. 37 (ECF No. 29-1). Dr. Orandi did not testify at the hearing, nor does he have much exposure to the Vaccine Program. For his work, Dr. Orandi charged Petitioner $6,562.5, at a rate of $350.00 per hour for 18.75 hours of work. ECF No. 37-2 at 19. I find these expert costs were reasonably incurred, and I find the sum was reasonable for the work performed.

**CONCLUSION**

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioners' Motion for Interim Attorney's Fees and Costs and award a total of **$109,600.89 (comprised of $87,824.30 in attorney's fees $21,776.59 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[9]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.