# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

**No. 21-1780V**

* * * * * * * * * * * * * * * * * * * * * * * * *
BAILEY THOMAS, *
*on behalf of A.B.,* *
Petitioner, *
* Chief Special Master Corcoran
v. *
* Filed: September 1, 2026
SECRETARY OF HEALTH AND *
HUMAN SERVICES, *
*
Respondent. *
*
* * * * * * * * * * * * * * * * * * * * * * * * *

*Mark Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.

*Ryan Nelson*, U.S. Department of Justice, Washington, DC, Respondent.

**ORDER GRANTING MOTION FOR RECONSIDERATION**[1]

On August 31, 2021, Bailey Thomas, on behalf of A.B., a minor, filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] *See* Petition (ECF No. 1) at 1. Petitioner alleges that "ProQuad" (containing measles-mumps-rubella-varicella) and/or "Kinrix" (diphtheria, tetanus, acellular pertussis and inactivated poliovirus) vaccines administered to A.B. on November 14, 2019, caused-in-fact her ocular myasthenia gravis ("OMG"). Petitioner's Brief, dated Aug. 22, 2025, (ECF No. 41) ("Br.") at 1.

An Entitlement Hearing was held in Washington, D.C., on November 12, 2025. I subsequently denied entitlement, finding that two of the three causation prongs had not been met. Decision, dated Aug. 6, 2026 (ECF No. 60) (the "Decision").

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner now moves for reconsideration of my decision. Motion, dated Aug. 20, 2026 (ECF No. 61) (the "Reconsideration Motion"). She argues that one of Respondent's testifying experts, Dr. Parthasekhar Ghosh, "admitted that substantial portions of his exceptionally brief causation analysis consisted of language taken directly from review articles without quotation marks, and the underlying articles do not support the materially broader manner in which portions of that language were presented." Reconsideration Motion at 1. She thus contends that reconsideration is warranted, so that proper weight may be afforded to these literature attribution issues, and/or that the record be reopened wholly to re-evaluate the issue, and whether it impacts my entitlement determination.

## ANALYSIS

Vaccine Rule 10(e) provides that either party may seek reconsideration of a special master's decision within twenty-one (21) days after the decision's issuance. Special masters have the discretion to grant a motion for reconsideration if to do so would be in the "interest of justice." Vaccine Rule 10(e)(3).

As noted by another special master, "there is a dearth of law interpreting Vaccine Rule 10(e)(3)," save for the conclusion that (as the rule itself makes clear) it is within the special master's discretion to decide what the "interest of justice" is in a given case. *R.K. v. Sec'y of Health & Hum. Servs.*, No. 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Jan. 10, 2011) (grating reconsideration of decision dismissing case for failure to prosecute). Many decisions assume that the standard for reconsideration is congruent with the "manifest injustice" standard utilized under Rule 59(a) of the Rules of the Court of Federal Claims, which has been defined as "clearly apparent or obvious" unfairness. *Amnex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002); *see also R.K.*, 2010 WL 5572074 at *3–5 (citations omitted).

I have previously found reconsideration appropriate only when the movant's request identifies *new* (meaning not previously available) and relevant evidence that would have impacted the outcome of my determination had it been offered initially. *See, e.g.*, *Rodriguez-Luna v. Sec'y of Health & Human Servs.*, No. 15-496V, 2018 WL 7742556, at *2 (Fed. Cl. Spec. Mstr. Jan. 3, 2018) (granting motion for reconsideration of final attorney's fees and costs decision when petitioner submitted previously-unfiled billing records). By contrast, I have denied reconsideration requests where the movant simply disagrees with my initial decision and has offered no truly "new" evidence. *See, e.g.*, *D'Tiole v. Sec'y of Health & Hum. Servs.*, No. 15-085V, 2016 WL 8136296 (Fed. Cl. Spec. Mstr. Dec. 21, 2016), *mot. for review den'd*, 132 Fed. Cl. 421 (2017), *aff'd*, 726 F. App'x 809 (Fed. Cir. 2018); *Kerrigan v. Sec'y of Health & Human. Servs.*, No. 16-270V, 2016 WL7577240 (Fed. Cl. Spec. Mstr. Nov. 22, 2016). Reconsideration is not appropriate simply because a claimant dislikes a determination—or hopes to do a better job arguing a point, if permitted to add more briefing or evidence to an existing record.

Petitioner for the most part has not met the standard for reconsideration. She identifies no newly-published medical or scientific findings that bear on my entitlement determination, or recently-discovered evidence that equity demands I include in my evaluation. In addition, she openly admits that in denying entitlement, "the Decision also relies on the literature itself, Dr. Davies's testimony, and perceived deficiencies in Dr. Shafrir's opinion." Reconsideration Motion at 10. In fact (and as can be gleaned from the Decision—which addressed the substantive totality of Dr. Ghosh's testimony in the space of about half a page), my determination hardly relied at all on Dr. Ghosh's neurologic opinion. Indeed, because A.B.'s OMG diagnosis was not at issue, there was little value in the time devoted to Dr. Ghosh's testimony (whose objections to causation mirrored those of Respondent's other expert, Dr. Huw Davies) at hearing.

Nevertheless, I deem it in the interests of justice overall to grant reconsideration. Petitioner's objections to Dr. Ghosh's testimony are likely to be raised in any Motion for Review, and could well present a misleading portrait of the significance, or lack thereof, of Dr. Ghosh's citations and attributions in his written report. Because the Decision does not discuss Petitioner's objections to Dr. Ghosh's opinion in any detail (primarily if not wholly because Dr. Ghosh's opinion at bottom did not "move the needle" in favor of either side), it will serve the efficient resolution of this case to issue a revised decision that addresses these matters directly. Otherwise, the process of seeking review of my original Decision may simply result in a subsequent remand order requiring me to do the very same thing, unreasonably lengthening the process of resolving this claim.

Accordingly, the Motion for Reconsideration is **GRANTED**.[3] The Clerk of this Court is hereby instructed to **WITHDRAW** my original Order issued on August 6, 2026 (ECF No. 60). After this is done, I shall issue a new Entitlement Decision that includes discussion of Petitioner's objections to Dr. Ghosh.

Any questions regarding this order may be directed to my law clerk, Elizabeth Sockwell, at (202) 357-6487 or elizabeth_sockwell@cfc.uscorts.gov.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

[3] I will not, however, order the record reopened. Petitioner's objections to Dr. Ghosh's testimony were preserved during trial, or are adequately identified in the Reconsideration Motion. And as noted (and admitted by Petitioner), entitlement in this case largely did not turn on the errors and objections Petitioner raises; I could strike Dr. Ghosh's testimony entirely and still likely conclude as I did that entitlement is not established.